IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASCADES COMPUTER INNOVATION, LLC., Plaintiff, v. HTC CORPORATION, and LG ELECTRONICS, INC. Defendants. | Civil Action No. 1:11-cv-6235 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Cascades Computer Innovation, LLC. ("Cascades") alleges the following:

**PARTIES**

1. Cascades is an Illinois limited liability company having its principal place of business at 500 Skokie Boulevard, Suite 350, Northbrook, IL 60062.

2. HTC Corporation ("HTC") is a foreign corporation with corporate headquarters at 23 Xinghua Road, Taoyuan 330, Taiwan. HTC does substantial business in this judicial district including the marketing, sale, offering for sale, and importation of cellular telephone devices which are accused of patent infringement in this case.

3. LG Electronics, Inc. ("LG") is a foreign corporation having a place of business at LG Twin Towers 20, Yeouido dong, Yeongdeungpo-gu, Seoul, Republic of Korea 150-721 with its United States headquarters at 10101 Old Grove Road, San Diego CA 92131. HTC does substantial business in this judicial district including the marketing, sale, offering for sale, and importation of cellular telephone devices which are accused of patent infringement in this case.

4. HTC and LG (collectively, “Defendants”) each make, use, sell, offer for sale and/or import into the United States wireless portable communication devices including cellular telephones.

**JURISDICTION**

4. Cascades' claim for patent infringement against Defendants arises under the patent laws of the United States, including 35 U.S.C. §§271 and 281. Consequently, this Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§1331 and 1338

5. Defendants are subject to the specific and general personal jurisdiction of this Court because, among other things, they have established continuous and systematic contacts with Illinois and with this judicial district, they have committed acts within Illinois and this judicial district giving rise to this action, and they have minimum contacts with the forum such that the exercise of jurisdiction over the defendants would not offend traditional notions of fair play and substantial justice. For instance, the Defendants have established distribution networks placing products that infringe Cascades' patent into the stream of commerce such that those products flow into Illinois and this district. The Defendants have also committed acts of patent infringement and/or induced or contributed to others' acts of patent infringement within this district.

6. Venue is proper under 28 U.S.C. §§ 1391 and/or 1400(b).

**PATENTS AT ISSUE**

7. On June 20, 2006, United States Patent No. 7,065,750 (the "'750 patent"), entitled "Method and Apparatus for Preserving Precise Exceptions in Binary Translated Code," was duly and legally issued by the United States Patent and Trademark Office. Cascades owns the exclusive license and right to sue for past, present and future infringement of the '750 patent.

8. HTC is now and has been infringing, contributorily infringing, and/or inducing infringement of the '750 patent, literally and under the doctrine of equivalents, by, among other

things, making, using, offering to sell, selling, and/or importing products that infringe one or more claims of the '750 patent. Such infringing products include, but are not limited to, cell phone products such as HTC's Sensation 4G cell phones.

9. LG is now and has been infringing, contributorily infringing, and/or inducing infringement of the '750 patent, literally and under the doctrine of equivalents, by, among other things, making, using, offering to sell, selling, and/or importing products that infringe one or more claims of the '750 patent. Such infringing products include, but are not limited to, cell phone products such as LG's Thrill P925 cell phones.

10. Cascades has been and continues to be damaged by Defendants' actions in an amount yet to be determined.

**PRAYER FOR RELIEF**

WHEREFORE, Cascades prays for the following relief:

1. A judgment finding that Defendants have infringed, contributorily infringed, and/or induced infringement of the '750 patent;

2. A judgment that the '750 patent is valid and enforceable;

3. A permanent injunction enjoining Defendants, their agents, officers, assigns and others acting in concert with them from infringing, inducing infringement of, and/or contributing to infringement of the '750 patent;

5. An award of damages adequate to compensate Cascades for the infringement of the '750 patent that has occurred;

6. An award of pre-judgment interest and post-judgment interest on the damages awarded;

7. A determination that this is an exceptional case and an award of Cascades' attorney's fees pursuant to 35 U.S.C. §285 and any other applicable statute or law, and an award of Cascades' of its costs; and,

8. Such other relief as the Court deems equitable under the circumstances.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable to a jury.

/s/ Raymond P. Niro

Raymond P. Niro (rniro@nshn.com)
Arthur A. Gasey (gasey@nshn.com)
Paul C. Gibbons (gibbons@nshn.com)
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137

Attorneys for Cascades Computer Innovation, LLC